**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 1:22-cv-00734-CJN |
| *v.* | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |
| | ) |

## DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1.      I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (DOJ or "the Department").  In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP – a role I have served in some form since 2008.  Prior to becoming Senior Counsel, I served as Counsel to the IR Staff, as an Attorney-Advisor and, from 2003-2008, as a Government Information Specialist (formerly FOIA Specialist) on the IR Staff.  The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the DOJ, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (OPA). Additionally, the IR Staff is responsible for processing FOIA requests seeking records from within the Special Counsel's Office (SCO).

2.     The IR Staff devises appropriate records searches for each FOIA request it processes on behalf of itself and the Department's senior leadership offices, and determines whether records are appropriate for release in accordance with the FOIA.  In processing such requests, the IR Staff consults with personnel in the Department's senior leadership offices and, when appropriate, with other components within the DOJ, as well as with others in the Executive Branch.

3.     I make the statements herein on the basis of personal knowledge, including my extensive experience with the FOIA, with OIP, and in handling FOIA requests for senior leadership office records, as well as on information acquired by me in the course of performing my official duties, including information provided to me by others within the Department with knowledge of the records at issue in this case.

## Plaintiff's FOIA Request

4.     On August 23, 2021, Plaintiff submitted a FOIA request to OIP seeking two categories of records: (1) "All records of communication, including emails and text messages, between Special Counsel John Durham and Attorney General Merrick Garland;" and (2) "All budget records related to the operations of the office of Special Counsel John Durham."  Plaintiff's request sought records for the time frame January 1, 2021 to the present.  Plaintiff's request also sought a fee waiver.  A copy of Plaintiff's August 23, 2021 FOIA request is attached hereto as Exhibit A.

## Attorney General Barr's Appointment of Special Counsel Durham

5.     On May 13, 2019, Attorney General Barr directed United States Attorney John Durham to conduct a preliminary review into certain matters related to the 2016 presidential election campaigns, and Mr. Durham's review subsequently developed into a criminal

investigation.  Later, in a letter dated February 6, 2020, in advance of the commencement of criminal proceedings in the United States District Court for the District of Columbia, the Attorney General appointed U.S. Attorney Durham as Special Attorney to the Attorney General, pursuant to 28 U.S.C. § 515.  A copy of the letter reflecting this appointment is attached hereto as Exhibit B.  On October 19, 2020, Attorney General Barr appointed John H. Durham to serve as Special Counsel for the Department of Justice.  *See* DOJ Order No. 4878-2020 attached hereto as Exhibit C.  This appointment order included authorization for the Special Counsel to investigate whether any federal official, employee, or any other person or entity violated the law in connected with the intelligence, counter-intelligence, or law-enforcement activities directed at the 2016 presidential campaigns, individuals associated with those campaigns, and individuals associated with the administration of President Donald J. Trump, including but not limited to Crossfire Hurricane and the investigation of Special Counsel Robert S. Mueller, III.  *Id*.  In addition, the appointment order provided that "[i]f the Special Counsel believes it is necessary and appropriate, the Special Counsel is authorized to prosecute federal crimes arising from the investigation of these matters."  *Id*.  Finally, the appointment order specified that "[s]ections 600.4 through 600.10 of Title 28 of the Code of Federal Regulations are applicable to the Special Counsel."  *Id*.

6.     Department of Justice regulations 28 C.F.R. §§ 600.4 – 600.10 (2018) govern the general powers of a Special Counsel, including the Special Counsel's jurisdiction, staff, powers and authority, conduct and accountability, and notifications and reports that must be made by either the Special Counsel or the Attorney General.

7.     To date, the Special Counsel's Office has charged three defendants, and one of those cases is pending trial.

## **OIP's Responses to Plaintiff's FOIA Requests**

8.     By letter dated September 20, 2021, OIP acknowledged Plaintiff's August 23, 2021 FOIA request, assigning it tracking number FOIA-2021-02028. A copy of OIP's acknowledgement letter is attached hereto as Exhibit D.

9.     On March 16, 2022, Plaintiff filed suit. See Complaint, ECF No. 1.

10.     By letter dated June 3, 2022, OIP sent an interim response to Plaintiff's FOIA request. Pursuant to this response, OIP informed Plaintiff that initial searches had been conducted and that three pages containing records responsive to Plaintiff's request were appropriate for release with excisions made pursuant to Exemptions 7(A) of the FOIA, 5 U.S.C. § 552(b)(7)(A). A copy of OIP's response, dated June 3, 2022, which includes the three pages provided to Plaintiff, is attached hereto as Exhibit E.

11.     Subsequently, in advance of the parties' joint status report of July 1, 2022, OIP, through counsel, shared with Plaintiff it's understanding of the scope of part 2 of Plaintiff's request:

> OIP understands part [2][1] of your request, seeking "budget records" related to the SCO's operations, to mean the SCO's approved budgets during the timeframe of your request. The records OIP released on June 3, 2022 reflect the approved budget for the SCO for Fiscal Year 2022 and based on OIP's discussions with the Finance Staff of the Department's Justice Management Division represents the only definitive budget record for that year.

---

[1] OIP's statement to Plaintiff erroneously identified the "budget records" portion of Plaintiff's request as part 1.

I understand that Plaintiff's counsel responded that Plaintiff would let OIP know if further discussion was needed on this point, and that Plaintiff never conveyed any concerns to Defendant's counsel regarding OIP's understanding of part 2 of Plaintiff's request.

12.     By letter dated August 10, 2022, OIP sent a final response to Plaintiff's FOIA request.   Pursuant to this response, OIP informed Plaintiff that additional searches had been conducted and that seven pages containing records responsive to Plaintiff's request were being released in full.   A copy of OIP's final response, which includes the seven pages provided to Plaintiff, is attached hereto as Exhibit F.

**Adequacy of OIP's Records Search**

Description of OIP's Standard Search Methods

13.     As noted in paragraph 1 *supra*, OIP processes FOIA requests on behalf of itself and six senior leadership offices of the Department of Justice as well as the SCO.   OIP makes determinations upon receipt of a FOIA request, both as to the appropriate senior leadership office or offices in which to conduct initial records searches, as well as the records repositories and search methods to use in conducting records searches on behalf of the designated senior leadership offices.   Assessments of the relevant custodians to search as well as where responsive records are likely maintained are based on a review of the content of the request itself and the nature of the records sought therein, as well as our familiarity with the types and location of records that each senior leadership office maintains discussions with knowledgeable personnel in the senior leadership offices, and any research that OIP staff may conduct on the topic of the request. Potentially responsive records may be located in various records systems, including email, computer files or other electronic documents, and/or paper files.

14.     When processing a FOIA request implicating records maintained by one or more of the senior leadership offices, OIP typically initiates records searches by sending a search notification email to the specific office(s), which notifies the office(s) of the receipt of the request and that OIP will conduct an electronic search of certain office staff members.  Once the search notification has been issued to the appropriate office, individual staff members, as the custodians of their own records, advise OIP if they have potentially responsive records which would not otherwise be captured by OIP's electronic search.  OIP then commences a search that encompasses the email, electronic documents in a custodian's personal network drive or "One Drive," and/or paper files maintained by appropriate staff in that office, using terms and date ranges relevant to the subject of the FOIA request.

15.     OIP's initial determination regarding relevant leadership offices, search methods, and/or records custodians is not always final.  In order to ensure that reasonably thorough records searches are conducted, during the course of processing a given FOIA request, OIP continually assesses whether other (both current and former) staff members' records should be searched, or whether supplemental or alternative search methods (such as targeted inquiries to knowledgeable leadership office staff regarding the existence of records and not identified via "keyword" searches) should be used, and will initiate such additional searches as appropriate.  This assessment is based on OIP's review of records that are located in the initial records searches, discussions with Department personnel, or other pertinent factors.  In sum, OIP records searches are conducted in an efficient and comprehensive manner, and the various search steps undertaken by OIP staff in response to a given request work in tandem to achieve a complete records search.

<u>OIP's Records Searches Conducted in Response to Plaintiff's Requests</u>

*Email and Electronic Document searches*

16.     In accordance with the methods set forth in paragraphs 13-15, OIP submitted a search notification to OAG on September 10, 2021.  OIP searched eleven custodians in OAG as well as the Attorney General's official calendar.  Additionally, OIP became aware that the Office of the Deputy Attorney General (ODAG) was involved in matters related to the Special Counsel's budget.  As such, a separate search notification was sent to ODAG on March 8, 2022.  OIP searched thirty-two custodians in ODAG.  These custodians constituted all OAG and ODAG staff identified by OIP, using office directories, as having been employed by those offices during the period January 20, 2021 to March 8, 2022.  Remote electronic searches of these custodians' email, calendar, and electronic documents were performed.[2]  For the period of January 01, 2021 through January 19, 2021, OIP conducted a separate search of a database of officials' records for OAG and ODAG who worked in those offices during the previous Presidential administration.  This database similarly contains those officials' emails, calendars, and electronic documents.

17.     The search parameters used were the date range of January 01, 2021 to March 8 2022 and the following keywords or phrases: all communications with Special Counsel John Durham as a participant; and all communications containing the following keyword combinations: ("Special Counsel" AND "Durham"); ("600.8" AND ("Special Counsel" OR "Durham")); ("600.8(a)" AND ("Special Counsel" OR "Durham")); ("600.8(c)" AND ("Special Counsel" OR "Durham")); ("Special Counsel" AND "budget"); ("Durham" AND "budget"); ("SCO" AND

---

[2] OIP is in receipt of multiple substantially similar FOIA requests as Plaintiff's requests and, as a matter of administrative efficiency, OIP conducted one broader email and electronic documents search to cover the differing search parameters of each request. I have only included the parameters relevant to Plaintiff's FOIA request here.

"budget"); ("Special Counsel" AND "FY22"); ("Durham" AND "FY22"); ("SCO" AND "FY22"); ("Special Counsel" AND "fiscal"); ("Durham" AND "fiscal") or ("SCO" AND "fiscal").

18.     Additionally, OIP reached out to OAG directly to determine whether text messages existed between Attorney General Garland and Special Counsel Durham.  Knowledgeable OAG staff confirmed that no text records responsive to Plaintiff's request exist.

*Search of the Departmental Executive Secretariat*

19.     The Departmental Executive Secretariat (DES) is the official records repository of OAG, ODAG, and OASG, and maintains records of all formal, controlled, unclassified correspondence sent to or from those offices from January 1, 2001, to the present day.  The DES also maintains certain OLA records, including records of formal Departmental correspondence with Congress.  Moreover, the DES is used to track internal Department correspondence sent through formal channels, as well as certain external correspondence including Departmental correspondence with Congress.

20.     Records received by the designated senior leadership offices are entered into DES's database using certain data elements.  The data elements entered into the system include such items as the date of the document, the date of receipt, the sender, and the recipient, as well as a detailed description of the subject of the record.  In addition, entries are made that, among other things, reflect what action is to be taken on the records, which component has responsibility for that action, and when that action should be completed.  Keyword searches of the DES database may then be conducted by utilizing a single search parameter or combinations of search parameters.  Search parameters may include the subject, organization, date, correspondent name, or other keywords.

21.     In addition to the email and electronic document searches described above, OIP searched for records responsive to Plaintiff's FOIA request in the electronic database of the DES using the same search terms and date range described in paragraph 17.

22.     Through the above-described searches, OIP located the SCO's approved budget for fiscal year 2022, which was released in part to Plaintiff on June 3, 2022.  Additionally, in order to determine whether other SCO "budget records" existed for the time period of Plaintiff's request, OIP contacted both the Finance Staff and the Budget Staff of the Department's Justice Management Division (JMD).  The Finance Staff "formulates and establishes Department-wide policies, procedures, and financial systems to support planning, programming, budgeting, accounting and other financial management activities." [3]  The Budget Staff "serves as the central budget office for DOJ . . .[and] oversees all aspects of planning and preparation of the budget for the entire Department of Justice."[4]  Through discussions with members of the Finance Staff and the Budget Staff, OIP was informed that the final approved budget that OIP located was the only definitive budget record for that year and no draft budget documents existed.  As noted *supra*, OIP conveyed this information to Plaintiff.

23.     Based on my experience with the Department, my familiarity with the records maintained by the leadership offices, discussions with knowledgeable staff, as well as my understanding of the scope of Plaintiff's request, and information gathered from the documents themselves, I aver that OIP's searches were reasonably calculated to uncover all potentially responsive records and that all files likely to contain relevant documents were searched.

---

[3] https://www.justice.gov/jmd/about-division-3
[4] Id.

## Explanation of Information Withheld

24.     This declaration addresses OIP's withholdings pursuant to Exemption 7(A) made by OIP directly to Plaintiff in response to Plaintiff's FOIA request.

25.     OIP's searches located ten pages containing records responsive to Plaintiff's request.  OIP released three pages in part with certain information withheld pursuant to Exemption 7(A) of the FOIA and released seven pages in full.

## Exemption 7

26.     FOIA Exemption 7 exempts from disclosure "records or information compiled for law enforcement purposes" when disclosure could reasonably be expected to cause one of the harms articulated in the enumerated subparts of the exemption.  5 U.S.C. § 552(b)(7).

*Exemption 7: Threshold*

27.     As a threshold matter, information withheld pursuant to Exemption 7 and its subparts must be or have been compiled for law enforcement purposes.  The information withheld in these records pursuant to Exemption 7(A) directly relate to the ongoing investigations and prosecutions being carried out by Special Counsel John Durham, who was appointed by Attorney General Barr on October 19, 2020.  Special Counsel Durham's investigations are governed by Department regulations. 28 C.F.R. § 600.4, et seq.  As discussed above, the Special Counsel was appointed to conduct the investigation whether any federal official, employee, or any other person or entity violated the law in connected with the intelligence, counter-intelligence, or law-enforcement activities directed at the 2016 presidential campaigns, individuals associated with those campaigns, and individuals associated with the administration of President Donald J. Trump, including but not limited to Crossfire Hurricane and the investigation of Special Counsel Robert S. Mueller, III.  In addition, the appointment order provided that "[i]f the Special Counsel believes

it is necessary and appropriate, the Special Counsel is authorized to prosecute federal crimes arising from the investigation of these matters."  All of the information OIP withheld pursuant to Exemption 7(A) directly relates to Special Counsel Durham's investigations and, thus, readily meets the exemption's threshold.

*Exemption 7(A)*

28.     OIP has withheld certain information related to the Special Counsel's budget pursuant to Exemption 7(A).  Specifically, the withheld information consists of the total dollar amounts for the SCO's Fiscal Year 2022 budget estimate, as well as detailed breakdown of individual budget line-item estimates related to personnel, including number and type of staff, salaries and benefits as well as estimates for costs, including travel, supplies, and equipment.  This information has not been officially disclosed.

29.     FOIA Exemption 7(A) protects records or information "compiled for law enforcement purposes" when disclosure "could reasonably be expected to interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7)(A).  Information may be withheld pursuant to Exemption 7(A) when it is established that: (1) the information relates to pending or prospective investigations or other enforcement proceedings; and (2) disclosure of the information could reasonably be expected to interfere with the identified enforcement proceedings.

30.     As a result of various investigations, the SCO obtained multiple indictments, of which the following criminal prosecution is public and ongoing: *United States v. Igor Y. Danchenko* (E.D.Va. 1:21-cr-245).  Moreover, additional investigations related to the work of the SCO, or targeting related actors, remain pending.

31.     Releasing these non-public details about the specific contours of the SCO's investigatory activities and the amount of financial and other resources budgeted to the SCO for

11

the current fiscal year, would risk undermining any ongoing criminal investigations or prosecutions.  This is especially the case in light of the fact that the Department already publicly releases a biannual Statement of Expenditures for the Special Counsel's Office.[5]  This Statement of Expenditures contains a detailed accounting of how much the Special Counsel's Office has spent during the reporting period on personnel, travel, and supplies, among other line items.

32.     Any ongoing criminal investigations and prosecutions would be adversely affected by revealing the scope, direction, amount of resources, and nature of the investigations.  The budget records OIP located in response to this request contain specific dollar amounts and numerical figures concerning the number and types of staff working for the SCO, including numbers of attorneys and investigative staff, as well as estimates for the amount of financial resources the SCO will require for the 2022 fiscal year, which reveal the amount of and the extent to which the Department deployed resources necessary to continue the SCO's ongoing investigations and prosecutions.  Moreover, while individually each discrete dollar amount or piece of numerical information may seem inconsequential, taken together, someone would be able to ascertain substantive information about the SCO's activities, including details about the scope, direction, and nature of the investigation.  Indeed, because the Department already releases the SCO's Statement of Expenditures, the release of the SCO's budget would allow individuals to calculate how much of its budget the SCO had spent and thereby determine how much funds were left available to the SCO or whether the SCO was over budget. These datapoints would provide detailed insights into the scope, direction and nature of the SCO's investigations and activities. For example, ascertaining that the SCO was over budget would possibly suggest new and increased

---

[5] The Statement of Expenditures for the period October 1, 2021 through March 31, 2022 is available here: https://www.justice.gov/file/1510251/download

investigatory activity, which could lead to adversarial third parties fabricating or destroying evidence or tampering with, improperly influencing, or intimidating witnesses, in an effort to disrupt the perceived expansions in the SCO investigations.  Similarly, ascertaining that the SCO was under budget would suggest that the SCO could be nearing the conclusion of its investigations or no longer pursing particular areas of investigation.  This in turn could lead to witnesses or possible subjects modifying their behavior or being less cooperative, with the expectation that the investigations and prosecutions are coming to a close.

*Foreseeable Harm*

33.     There is reasonably foreseeable harm in release of this information.  All of the information protected pursuant to Exemption 7(A) in this category relates to ongoing criminal investigations being pursued by the Department.  Release of any additional material beyond what has already been disclosed in the public domain would risk interference with these law enforcement matters for the reasons detailed *supra*.  Disclosure of such information could harm ongoing prosecutions by increasing the risk that such disclosures would jeopardize the integrity of the prosecution and create undue litigation risk, for the reasons articulated above.

*Segregation of Non-Exempt Information*

34. Within these records, OIP has only withheld the specific dollar amounts corresponding to the line-item and total approved Fiscal Year 2022 Special Counsel budget request as well as other numerical figures, corresponding to the number and type of staffing resources working for the Special Counsel's Office. OIP has thoroughly reviewed the information withheld from release on the basis of Exemption 7(A) in each of these Exemption 7(A) categories and has determined releasing any further information could reasonably be expected to interfere with enforcement proceedings.

I declare under penalty of perjury that the foregoing is true and correct.


_____
Vanessa R. Brinkmann
Senior Counsel

Executed this 30th day of September, 2022.

# EXHIBIT A

# Request

Request Information

| | |
|---|---|
| Request Number | FOIA-2021-02028 |
| Request Type | Request |
| Request Date | 08/23/2021 |
| Perfected Date | 08/23/2021 |
| Due Date | 10/05/2021 |
| Request is in Litigation | No |
| Unusual Circumstances | Yes |
| Significant | No |
| Coordination | No |
| Track | Complex |
| Agency | OIP |
| Document Delivery Method | Email |
| Topic | |
| eDiscovery Number | |
| FOIA.gov Request ID | |
| Sending Agency | |
| Agency Point of Contact | |
| Agency Tracking Number | |

Litigation Information

| | |
|---|---|
| First Name of Litigator | |
| Last Name of Litigator | |
| Litigator Office | |
| Case Name | |
| Federal District Court | |
| Litigation Short Description | |
| Litigation Reviewer | |
| Date of Final Adjudication by Court | |

Requester Information

| | |
|---|---|
| Salutation | Mr. |
| First Name | William |
| Middle Name | |
| Last Name | Marshall |
| Email Address | bmarshall@judicialwatch.org |

| | |
|---|---|
| Organization | Judicial Watch, Inc. |
| Register Number | |
| Phone Number | ███████ |
| Fax Number | |
| Other Information | |
| Address Type | |
| Country | United States |
| Address Line 1 | 425 Third Street, SW |
| Address Line 2 | Suite 800 |
| Military Branch | |
| City | Washington |
| State | District of Columbia |
| Province | |
| Zip/Postal Code | 20024 |
| Description of Request | |
| Summary of Request | Correspondence between Special Counsel John Durham and Attorney General Merrick Garland and records related to the budget of Special Counsel Durham since January 1, 2021. |
| Description | 1. All records of communication, including emails and text messages, between Special Counsel John Durham and Attorney General Merrick Garland. 2. All budget records related to the operations of the office of Special Counsel John Durham. The time frame for the requested records is Jan. 1, 2021 to the present. |
| File Type 1 | |
| File 1 | No Attachment |
| File Type 2 | |
| File 2 | No Attachment |
| File Type 3 | |
| File 3 | No Attachment |
| Expedited Processing Information | |
| Expedited Processing Requested? | No |
| Expedited Processing Request Date | |
| Expedited Processing Determination | |
| Expedited Determination Date | |
| Expedited Requested Due Date | |

Standards for Expedition

Expedited Justification

Fee Information

Will Pay Up To                         150.00

Fee Category                          Educational Institution

Fee Waiver Requested?                 Yes

Fee Waiver Granted?

Fee Waiver Justification              Judicial Watch is a non-profit, non-partisan 501(c)(3) educational foundation,
                                      promoting transparency, accountability and integrity in government and fidelity to the
                                      rule of the law. It investigates, exposes and educates the public about the operations
                                      of the government through its publications, social media, media appearances by its
                                      representatives, and its Internet platforms.

Records Management

Disposition Date

Marked for Disposition

Disposition Confirmed

Disposition Confirmed By

Workflow State                        In Progress

Workflow Status                       Search

Assigned Analyst                      Gilbeaux, Georgianna

IR Reviewer

# EXHIBIT B



# Office of the Attorney General
## Washington, D. C. 20530

February 6, 2020

The Honorable John Durham
United States Attorney
District of Connecticut
157 Church Street, 23rd Floor
New Haven, CT 06510

Dear U.S. Attorney Durham:

I previously directed you to conduct a review into certain activities involving the campaigns in the 2016 U.S. presidential election and certain related matters. In advance of the commencement of criminal proceedings in the U.S. District Court for the District of Columbia, I hereby appoint you as Special Attorney to the Attorney General pursuant to 28 U.S.C. § 515. In this capacity, you may exercise, within the scope of the review, the full power and authority of a United States Attorney, whether or not you are a resident of the district in which the proceeding is brought.

Unless otherwise terminated or extended by action of the Attorney General, this appointment shall expire after the completion of all investigations, matters, cases, or actions related to the review.

Sincerely,

William P. Barr
Attorney General

# EXHIBIT C



# Office of the Attorney General
## Washington, D. C. 20530

ORDER NO. 4878-2020

APPOINTMENT OF SPECIAL COUNSEL TO INVESTIGATE MATTERS RELATED TO
INTELLIGENCE ACTIVITIES AND INVESTIGATIONS ARISING OUT OF THE 2016
PRESIDENTIAL CAMPAIGNS

On May 13, 2019, I directed United States Attorney John Durham to conduct a

preliminary review into certain matters related to the 2016 presidential election campaigns, and

Mr. Durham's review subsequently developed into a criminal investigation, which remains

ongoing.  Following consultation with Mr. Durham, I have determined that, in light of the

extraordinary circumstances relating to these matters, the public interest warrants Mr. Durham

continuing this investigation pursuant to the powers and independence afforded by the Special

Counsel regulations.  Accordingly, by virtue of the authority vested in the Attorney General,

including 28 U.S.C. §§ 509, 510, and 515, in order to discharge my responsibility to provide

supervision and management of the Department of Justice, and to ensure a full and thorough

investigation of these matters, I hereby order as follows:

(a)  John Durham, United States Attorney for the District of Connecticut, is appointed to

serve as Special Counsel for the Department of Justice.

(b)  The Special Counsel is authorized to investigate whether any federal official,

employee, or any other person or entity violated the law in connection with the intelligence,

counter-intelligence, or law-enforcement activities directed at the 2016 presidential campaigns,

individuals associated with those campaigns, and individuals associated with the administration

1

of President Donald J. Trump, including but not limited to Crossfire Hurricane and the investigation of Special Counsel Robert S. Mueller, III.

(c)   If the Special Counsel believes it is necessary and appropriate, the Special Counsel is authorized to prosecute federal crimes arising from his investigation of these matters.

(d)   28 C.F.R. §§ 600.4 to 600.10 are applicable to the Special Counsel.

(e)   Pursuant to 28 C.F.R. § 600.9(b), I have determined that the notification requirement in 28 C.F.R. § 600.9(a)(1) should be tolled until at least after the November 3, 2020 election because legitimate investigative and privacy concerns warrant confidentiality.

(f)   In addition to the confidential report required by 28 C.F.R. § 600.8(c), the Special Counsel, to the maximum extent possible and consistent with the law and the policies and practices of the Department of Justice, shall submit to the Attorney General a final report, and such interim reports as he deems appropriate, in a form that will permit public dissemination.

_10/19/20_
Date

William P. Barr
Attorney General

2

# EXHIBIT D



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

September 10, 2021

William Marshall
Judicial Watch
425 Third Street, SW
Suite 800
Washington, DC  20024
bmarshall@judicialwatch.org                    Re:     FOIA-2021-02028

Dear William Marshall:

    This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on August 23, 2021, in which you requested correspondence between Special Counsel John Durham and Attorney General Merrick Garland and records related to the budget of Special Counsel Durham since January 1, 2021.

    The records you seek require a search in and/or consultation with another Office, and so your request falls within "unusual circumstances."  See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2018).  Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute.  For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request.  At this time we have assigned your request to the complex track.  In an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records so that it can be placed in a different processing track.  You can also agree to an alternative time frame for processing, should records be located, or you may wish to await the completion of our records search to discuss either of these options.  Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request.

    We regret the necessity of this delay, but we assure you that your request will be processed as soon as possible.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact this Office by telephone at the above number or you may write to the Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001.  Lastly, you may contact our FOIA Public Liaison, Valeree Villanueva, at the telephone number listed above to discuss any aspect of your request.

-2-

     Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

                                       Sincerely,

                                       Initial Request Staff

                                       Office of Information Policy

                                       U.S. Department of Justice

# EXHIBIT E



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

June 3, 2022

William Marshall
Judicial Watch
425 Third Street, SW
Suite 800                                    Re:    FOIA-2021-02028
Washington, DC  20024                                22-cv-734 (DDC)
bmarshall@judicialwatch.org                          VRB:JMB:SJD

Dear William Marshall:

This is our first interim response to your Freedom of Information Act (FOIA) request, dated and received in this Office on August 23, 2021, in which you requested records of communication between Special Counsel John Durham and Attorney General Merrick Garland and records related to the budget of Special Counsel Durham since January 1, 2021.

Please be advised that initial searches have been conducted and records responsive to your request have been located.  At this time, I have determined that three pages containing records responsive to your request are appropriate for release with withholdings made pursuant to Exemption 7(A) of the FOIA, 5 U.S.C. § 552(b)(7)(A).  Exemption 7(A) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.  Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c) (2018).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

-2-

If you have any questions regarding this response, please contact Bradley Humphreys of the Department's Civil Division, Federal Programs Branch at 202-305-0878.

Sincerely,

Jonathan Breyan
Senior Supervisory Attorney
<u>for</u>
Vanessa R. Brinkmann
Senior Counsel

Enclosures



**U.S. Department of Justice**

_Washington, D.C. 20530_

MEMORANDUM FOR THE ATTORNEY GENERAL

THROUGH (CONCURRING):     THE DEPUTY ATTORNEY GENERAL

FROM:                                    Lee J. Lofthus
                                              Assistant Attorney General   **Lee Lofthus** Date: 2021.06.30 17:27:24 -04'00'
                                              for Administration

SUBJECT:                              Fiscal Year 2022 Special Counsel's Office Budget Request

PURPOSE:                             To obtain the Attorney General's review and approval of
                                              the Special Counsel's budget request in accordance with
                                              28 CFR Part 600.8(a)(1).

AG DECISION REQUESTED BY:  As soon as possible.

EXECUTIVE SUMMARY: The John Durham Special Counsel Office Fiscal Year (FY) 2022
budget plan is attached for Attorney General approval.

DISCUSSION: Attached is the John Durham Special Counsel Office Fiscal Year (FY) 2022
budget plan. The Justice Management Division has completed its review under 28 C.F.R.
600.8(a)(1). The FY 2022 budget estimate is (b) (7)(A) which, after Office of Management
and Budget technical adjustments for the mandatory sequester, totals (b) (7)(A) in available
operational funds.

CONCURRENCE:  Brad Weinsheimer, Associate Deputy Attorney General

NON-CONCURRENCE:  None.

CONSULTATION:  None.

PUBLIC AFFAIRS:  None. The Special Counsel budgets are not made public. A six-month
expenditure report is made public for the periods ending March 31 and September 30 each fiscal
year, but not the budget request itself.

LEGISLATIVE AFFAIRS:  None.

OTHER STAKEHOLDERS:  None.

RECOMMENDATION:  That the Attorney General review the submitted budget request and
render a decision on an approved budget request for Fiscal Year 2022 for the Special Counsel's
Office.

Memorandum for the Attorney General                                    Page 2
Subject: Fiscal Year 2022 Special Counsel's Office Budget Request

APPROVE: _____ *M̸* _____ 9-8-21      Concurring Component:
                                        ADAG _____
                                        DAG _____

DISAPPROVE: _____           Non-concurring Component:
                                                  None

OTHER: _____

Attachment

**John Durham Special Counsel FY22 Budget Request**

|  | FY2022 |
|---|---|

INCOME                                                                        0

Full Time Permanent

**(b) (7)(A)**

Other Than Full Time Permanent
Other Personnel Compensation
Special Personnel Services Benefits
Civilian Personnel Benefits
Other Personnel Benefits
Personnel Adjustment for Detailees

Personnel

Travel

**(b) (7)(A)**

Mail
Rent
Communications
Printing
Other Contractual Services
Supplies
Equipment

TOTAL NON-PERSONNEL COSTS

TOTAL COSTS

Mandatory Sequester 5.7%

**TOTAL REQUEST**

Direct Positions
[Attorneys}

Reimbursable Detailees
[Attorneys]

Non-Reimbursable Investigative Staff
[Agents]

Total SCO Staff

# EXHIBIT F



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

August 10, 2022

William Marshall
Judicial Watch
425 Third Street, SW
Suite 800                                    Re:    FOIA-2021-02028
Washington, DC  20024                              22-cv-734 (DDC)
bmarshall@judicialwatch.org                        VRB:JMB:SJD

Dear William Marshall:

        This is our second and final response to your Freedom of Information Act (FOIA) request, dated and received in this Office on August 23, 2021, in which you requested records of communication between Special Counsel John Durham and Attorney General Merrick Garland and records related to the budget of Special Counsel Durham since January 1, 2021.

        We previously provided you with one interim response on June 03, 2022.  At this time, I have determined that seven pages containing records responsive to your request are appropriate for release without withholdings, and copies are enclosed.  Please be advised that certain pages within this production contain highlighting.  This highlighting was present on these pages as located by OIP and were not made as part of our FOIA review process. Additionally, please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

        For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c) (2018).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

        If you have any questions regarding this response, please contact Bradley Humphreys of the Department's Civil Division, Federal Programs Branch at 202-305-0878.

                                    Sincerely,

                                    Vanessa R. Brinkmann
                                    Senior Counsel

Enclosures

**Subject:**           Meeting w/John Durham
**Location:**          JCC

**Start:**             Wed 4/7/2021 3:30 PM
**End:**               Wed 4/7/2021 4:30 PM

**Recurrence:**        (none)

**Meeting Status:**    Meeting organizer

**Organizer:**         Otus86, AG (OAG)
**Required Attendees:**  AGPD; Calendar, AG86 (OAG); Watson, Theresa (OAG); Klapper, Matthew B. (OAG);
                       AGPD2 (OAG); Carlin, John P. (ODAG); Weinsheimer, Bradley (ODAG); Durham, John H.
                       (JMD)
**Optional Attendees:**  JCC (JMD); Suero, Maya A. (ODAG); Heinzelman, Kate (OAG)

POC: Matt Klapper
Attendees: Matt Klapper, A/DAG Carlin, Bradley Weinsheimer, John Durham
==Location: JCC==

**Note:  This meeting is limited to the invited attendees only.  You are not authorized to forward this invitation without prior permission of the OAG scheduling office.  If you believe that the invitation was received in error or that other individuals should be included, please contact the OAG scheduling office.**

| | |
|---|---|
| **Subject:** | Meeting w/John Durham |
| **Location:** | JCC |
| **Start:** | Tue 6/1/2021 11:00 AM |
| **End:** | Tue 6/1/2021 1:00 PM |
| **Recurrence:** | (none) |
| **Meeting Status:** | Meeting organizer |
| **Organizer:** | Otus86, AG (OAG) |
| **Required Attendees:** | AGPD; Calendar, AG86 (OAG); Watson, Theresa (OAG); Klapper, Matthew B. (OAG); AGPD2 (OAG); Davidson, Marcia A. (OAG); JCC (JMD); Heinzelman, Kate (OAG); Weinsheimer, Bradley (ODAG); DAGSchedule; Carlin, John P. (ODAG); Durham, John H. (JMD) |
| **Categories:** | Blue Category |

POC: Bradley Weinsheimer
Attendees: AG, DAG Monaco, John Carlin, Bradley Weinsheimer, John Durham

**Subject:**                 Meeting w/John Durham
**Location:**               JCC

**Start:**                    Wed 7/7/2021 1:00 PM
**End:**                      Wed 7/7/2021 2:00 PM

**Recurrence:**           (none)

**Meeting Status:**     Meeting organizer

**Organizer:**             Otus86, AG (OAG)
**Required Attendees:**  AGPD; Calendar, AG86 (OAG); Watson, Theresa (OAG); Klapper, Matthew B. (OAG); AGPD2 (OAG); Davidson, Marcia A. (OAG); Heinzelman, Kate (OAG); Durham, John H. (JMD); Weinsheimer, Bradley (ODAG); JCC (JMD); Kavanaugh, Chris (ODAG)

POC: Bradley Weinsheimer
Attendees: AG, John Durham, Bradley Weinsheimer, Chris Kavanaugh

| | |
|---|---|
| **Subject:** | Meeting |
| **Location:** | JCC |
| | |
| **Start:** | Fri 8/27/2021 1:00 PM |
| **End:** | Fri 8/27/2021 3:00 PM |
| | |
| **Recurrence:** | (none) |
| | |
| **Meeting Status:** | Meeting organizer |
| | |
| **Organizer:** | Otus86, AG (OAG) |
| **Required Attendees:** | AGPD; Calendar, AG86 (OAG); Watson, Theresa (OAG); Klapper, Matthew B. (OAG); AGPD2 (OAG); Davidson, Marcia A. (OAG); Weinsheimer, Bradley (ODAG); Kavanaugh, Chris (ODAG); JCC (JMD); Durham, John H. (JMD) |
| | |
| **Categories:** | Blue Category |

POC: Bradley Weinsheimer
Attendees: John Durham, Bradley Weinsheimer, Chris Kavanaugh

| | |
|---|---|
| **Subject:** | Check-in |
| **Location:** | JCC |
| **Start:** | Wed 9/29/2021 5:00 PM |
| **End:** | Wed 9/29/2021 6:00 PM |
| **Recurrence:** | (none) |
| **Meeting Status:** | Meeting organizer |
| **Organizer:** | Otus86, AG (OAG) |
| **Required Attendees:** | AGPD; Calendar, AG86 (OAG); Watson, Theresa (OAG); Klapper, Matthew B. (OAG); AGPD2 (OAG); Davidson, Marcia A. (OAG); Weinsheimer, Bradley (ODAG); Kavanaugh, Chris (ODAG); JCC (JMD); Durham, John H. (JMD) |
| **Categories:** | Blue Category |

POC: Brad Weinsheimer

**Subject:**                  Meeting
**Location:**               JCC

**Start:**                    Thu 12/16/2021 4:00 PM
**End:**                      Thu 12/16/2021 5:00 PM

**Recurrence:**           (none)

**Meeting Status:**      Meeting organizer

**Organizer:**             Otus86, AG (OAG)
**Required Attendees:**   AGPD; Calendar, AG86 (OAG); Watson, Theresa (OAG); Klapper, Matthew B. (OAG); AGPD2 (OAG); Davidson, Marcia A. (OAG); Weinsheimer, Bradley (ODAG); Durham, John H. (JMD); JCC (JMD); Folk, Anders (ODAG)

**Categories:**           Blue Category

POC: Brad Weinsheimer, Anders Folk

| | |
|---|---|
| **Subject:** | HOLD: Meeting |
| **Location:** | JCC |
| **Start:** | Fri 3/4/2022 2:00 PM |
| **End:** | Fri 3/4/2022 3:00 PM |
| **Recurrence:** | (none) |
| **Meeting Status:** | Meeting organizer |
| **Organizer:** | Otus86, AG (OAG) |
| **Required Attendees:** | AGPD; Calendar, AG86 (OAG); Watson, Theresa (OAG); Klapper, Matthew B. (OAG); AGPD2 (OAG); Davidson, Marcia A. (OAG) |
| **Optional Attendees:** | Weinsheimer, Bradley (ODAG); Durham, John H. (JMD); Folk, Anders (ODAG); JCC (JMD) |
| **Categories:** | Blue Category |

POC: Brad Weinsheimer