IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>*Plaintiff*, )<br>)<br>*v.* )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>*Defendant*. )<br>) | Case No. 1:22-cv-00734-CJN |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Rule 7(h) and Part 9 of this Court's Standing Order, Defendant the United States Department of Justice ("DOJ") respectfully submits the following Statement of Material Facts Not in Dispute in support of its Motion for Summary Judgment.

1. Judicial Watch sent the FOIA request at issue in this case to DOJ on August 23, 2021. *See* Declaration of Vanessa R. Brinkmann ("Brinkmann Decl.") ¶ 4 (attached as Exhibit 1).

2. That request sought the following two categories of records: (1) "All records of communications, including emails and text messages, between Special Counsel John Durham and Attorney General Merrick Garland"; and (2) "All budget records related to the operations of the office of Special Counsel John Durham." *Id.*; *see also* Compl. ¶ 5.

3. Judicial Watch's request sought records from January 1, 2021 to the present. *Id.* DOJ acknowledged Judicial Watch's FOIA request by letter dated September 20, 2021. *Id.* ¶ 8.

4. Judicial Watch filed the instant lawsuit on March 16, 2022. *See* Complaint, ECF No. 1.

5. DOJ sent Judicial Watch's an interim response to its FOIA request by letter dated June 3, 2022. *See* Brinkmann Decl. ¶ 10.

6. In that response, DOJ stated that it had conducted its initial searches and determined that three pages of records responsive to Judicial Watch's request were responsive, and that those three pages were being released with excisions made pursuant to Exemption 7(A). *Id.*

7. By letter dated August 10, 2022, DOJ provided its final response to the request. *Id.* ¶ 12.

8. In that letter, DOJ informed Judicial Watch that it had conducted additional searches and that seven pages of records responsive to the request were being released in full. *Id.*

9. DOJ's Office of Information Policy ("OIP")—which processes FOIA requests on behalf of itself and six senior leadership offices within DOJ, as well as the Special Counsel's Office ("SCO")—oversaw the search for records responsive to Judicial Watch's request. *See* Brinkmann Decl. ¶¶ 13, 16.

10. As part of its efforts to identify responsive material, OIP searched eleven custodians in OAG as well as the Attorney General's official calendar. *Id.* ¶ 16.

11. Additionally, OIP became aware that the Office of the Deputy Attorney General ("ODAG") was involved in matters related to the Special Counsel's budget. *Id.*

12. As such, OIP searched for records among thirty-two custodians in ODAG. *Id.* These custodians constituted all OAG and ODAG staff identified by OIP, using

        office directories, as having been employed by those offices during the period January 20, 2021 to March 8, 2022.  *Id.*

13. OIP conducted remote electronic searches for responsive material in these custodians' email, calendar, and electronic documents.  *Id.*

14. For the period of January 1, 2021 through January 19, 2021, OIP conducted a separate search of a database of officials' records for OAG and ODAG who worked in those offices during the previous Presidential administration.  *Id.*

15. This database for officials who worked in the previous Presidential administration similarly contains those officials' emails, calendars, and electronic documents.  *Id.*

16. The date range for DOJ searches was January 1, 2021 through March 8, 2022.  *Id.* ¶ 17.

17. The searches included all communications in which Special Counsel John Durham participated, and all communications containing certain keyword combinations, as described in paragraph 17 of the Brinkmann Declaration.  *See id.*

18. In addition, to account for the possibility of responsive text messages, OIP contacted OAG to determine whether any text messages existed between Attorney General Garland and Special Counsel Durham.  *Id.* ¶ 18.

19. Knowledgeable staff within OAG confirmed that no text messages responsive to Judicial Watch's request exist.  *Id.*

20. OIP also searched for responsive records in DOJ's Departmental Executive Secretariat ("DES"), which is the official records repository of OAG, ODAG, and the Office of the Associate Attorney General, and maintains records of all formal,

controlled, unclassified correspondence sent to or from those offices from January 1, 2001 to the present day. *Id.* ¶ 19.

21. The DES also maintains certain Office of Legislative Affairs records, including records of formal Departmental correspondence with Congress. *Id.*

22. Moreover, DES is used to track internal Department correspondence sent through formal channels, as well as certain external correspondence including Departmental correspondence with Congress. *Id.*

23. Records received by the designated senior leadership offices are entered into DES's database using certain data elements, including such items as the date of the document, the date of receipt, the sender, and the recipient, as well as a detailed description of the subject of the record. *Id.* ¶ 20.

24. In addition, entries are made that, among other things, reflect what action is to be taken on the records, which component has responsibility for that action, and when that action should be completed. *Id.*

25. Keyword searches of the DES database may then be conducted by utilizing a single search parameter or combinations of search parameters. *Id.*

26. Search parameters may include the subject, organization, date, correspondent name, or other keywords. *Id.*

27. OIP employed those capabilities to search for records responsive to Plaintiff's FOIA request in the electronic database of the DES using the same search terms and date range as for the OAG and ODAG custodians, described in paragraph 17 of the Brinkmann Declaration. *Id.* ¶¶ 17, 21.

28. Through the above-described searches, OIP located the SCO's approved budget for fiscal year 2022, which was released in part to Judicial Watch on June 3, 2022. *Id.* ¶ 22.

29. Additionally, in order to determine whether other SCO "budget records" existed for the time period of Plaintiff's request, OIP additionally contacted both the Finance Staff and the Budget Staff of the Department's Justice Management Division. *Id.*

30. The Finance Staff "formulates and establishes Department-wide policies, procedures, and financial systems to support planning, programming, budgeting, accounting and other financial management activities." *Id.* (quoting Justice Management Division, *Our Agency*, www.justice.gov/jmd/about-division-3).

31. The Budget Staff "serves as the central budget office for DOJ . . . [and] oversees all aspects of planning and preparation of the budget for the entire Department of Justice." *Id.*

32. Through discussions with members of the Finance Staff and the Budget Staff, OIP was informed that the final approved budget that OIP located and produced to Judicial Watch was the only definitive budget record for that year and no draft budget documents existed. *Id.*

33. On July 1, 2022, undersigned counsel contacted counsel for Judicial Watch to share DOJ's understanding that Judicial Watch's request for "budget records" meant the SCO's approved budgets during the timeframe of the request. *Id.* ¶ 11.

34. Judicial Watch has not conveyed any concerns to undersigned counsel regarding DOJ's reading of the request, and therefore DOJ understands its reading to be correct. *Id.*

35. The redacted budgetary information at issue in this case directly relates to the ongoing investigations and prosecutions being carried out by Special Counsel John Durham. *Id.* ¶ 27.

36. Attorney General Barr appointed John Durham as Special Counsel on October 19, 2020. *See id.*

37. Attorney General Barr appointed Special Counsel Durham

> to investigate whether any federal official, employee, or any other person or entity violated the law in connected with the intelligence, counter-intelligence, or law-enforcement activities directed at the 2016 presidential campaigns, individuals associated with those campaigns, and individuals associated with the administration of President Donald J. Trump, including but not limited to Crossfire Hurricane and the investigation of Special Counsel Robert S. Mueller, III.

Department of Justice, Office of the Attorney General, Order No. 4878-2020 (attached as Exhibit B to the Brinkmann Decl.).

38. Attorney General Barr's appointment order provided that "[i]f the Special Counsel believes it is necessary and appropriate, the Special Counsel is authorized to prosecute federal crimes arising from the investigation of these matters." *Id.*

39. All of the information DOJ withheld in this case pursuant to Exemption 7(A) directly relates to Special Counsel Durham's investigations into potential violations of law, and thus readily meets the exemption's threshold. *See* Brinkmann Decl. ¶ 27.

40. As a result of various investigations, the SCO has obtained multiple indictments, of which the following criminal prosecution is public and ongoing: *United States v. Igor Y. Danchenko*, No. 1:21-cr-245 (E.D. Va.).

41. Moreover, additional investigations related to the work of the SCO, or targeting related actors, remain pending. *See* Brinkmann Decl. ¶ 30.

42. Producing the information DOJ has withheld could reasonably be expected to interfere with the Special Counsel's ongoing investigations. *Id.* ¶ 33.

43. The withheld information consists of the total dollar amounts for the SCO's Fiscal Year 2022 budget estimate, as well as a detailed breakdown of individual budget line-item estimates related to personnel, including number and type of staff, salaries and benefits as well as estimates for costs, including travel, supplies, and equipment. *Id.* ¶ 28.

44. This information has not been officially disclosed. *Id.*

45. Releasing these non-public details about the specific contours of the SCO's investigatory activities and the amount of financial and other resources budgeted to the SCO for the current fiscal year would risk undermining ongoing criminal investigations and prosecutions. *Id.* ¶ 31.

46. That is particularly true because the Department already publicly releases a biannual Statement of Expenditures for the Special Counsel's Office. *Id.*

47. This Statement of Expenditures contains a detailed accounting of how much the Special Counsel's Office has spent during the reporting period on personnel, travel, and supplies, among other line items. *Id.*

48. Taken together with the Statement of Expenditures, release of the withheld budget information would allow individuals to calculate how much of its budget the SCO

7

has spent and thereby determine how much funds remain available to the SCO or whether the SCO was over budget. *Id.* ¶ 32.

49. These datapoints would provide detailed insights into the scope, direction and nature of the SCO's investigations and activities, and it is reasonably foreseeable that disclosure of such information could harm ongoing criminal investigations and/or prosecutions. *Id.* ¶¶ 31–33.

50. For example, ascertaining that the SCO was overbudget would possibly suggest new and increased investigatory activity, which could lead to adversarial third parties fabricating or destroying evidence or tampering with, improperly influencing, or intimidating witnesses, in an effort to disrupt the perceived expansions in the SCO investigations. *Id.* ¶ 32.

51. Similarly, ascertaining that the SCO was under budget could suggest that the SCO was nearing the conclusion of its investigations or no longer pursing particular areas of investigation. *Id.* ¶ 32.

52. These revelations, in turn, could lead to witnesses or possible subjects modifying their behavior or being less cooperative, with the expectation that the investigations and prosecutions are coming to a close. *Id.*

53. DOJ has withheld only the specific dollar amounts corresponding to the line-item and total approved Fiscal Year 2022 Special Counsel budget request, as well as other numerical figures, corresponding to the number and type of staffing resources working for the SCO. *Id.* ¶ 34.

54. DOJ thoroughly reviewed the information withheld from release on the basis of Exemption 7(A) and determined releasing any further information could reasonably be expected to interfere with enforcement proceedings. *Id.*

Dated: September 30, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

<u>/s/ Bradley P. Humphreys</u>
BRADLEY P. HUMPHREY
(D.C. Bar. No. 099857)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendant*